C. Darryl Cordero, Bar No. 126689
cdc@paynefears.com
Damon Rubin, Bar No. 186504
dr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
Roza C. Rosner, Bar No. 311225
rcr@paynefears.com
PAYNE & FEARS LLP
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile:  (310) 689-1755

Kevin P. Duthoy, Bar No. 100611
KevinD@bewleylaw.com
Leighton M. Anderson, Bar No. 81464
leightonA@bewleylaw.com
BEWLEY, LASSLEBEN & MILLER, LLP
13215 Penn Street, Suite 510
Whittier, California 90602
Telephone: (562) 698-9771
Facsimile:  (562) 945-7600

Attorneys for Plaintiffs PIH Health Hospital-
Whittier and PIH Health Hospital-Downey

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIH HEALTH HOSPITAL-WHITTIER, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., *et al.*,<br><br>          Defendants. | Case No. 2:20-cv-11595-ODW (MAAx)<br><br>Assigned to District Judge Otis D. Wright II<br><br>**Stipulated Protective Order**<br><br><br>Action Filed:     November 20, 2020<br>Action Removed: December 23, 2020<br>Trial Date:        None Set |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

## 1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve patient information and proprietary information regarding the parties and possibly others for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential patient information along with confidential and/or proprietary business or financial information (including as to the value of Plaintiffs' services, for example), information otherwise generally unavailable to the public, or which may be otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  This is because this case involves claims for payment for medical services provided by the Plaintiff hospitals to hundreds of patients.  Accordingly, to expedite the flow of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.     DEFINITIONS**

3.1.   Action:  Plaintiffs PIH Health Hospital-Whittier and PIH Health Hospital-Downey (collectively "Plaintiffs"), and Defendants Cigna HealthCare of California, Inc., Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (collectively "Defendants") are parties to this action pending in United States District Court, Central District of California, entitled *PIH Health Hospital-Whittier, et al.* v. *Cigna HealthCare of California, Inc., et al.,* Case No. 2:20-cv-11595-ODW (MAAx), formerly Case No. 20NWCV0066 before the action had been removed to federal court (this "Action"), and have entered into this Stipulated Protective Order ("Order").

3.2.   Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or as specified above in the Good Cause Statement.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

3.4.    <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5.    <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery (or in response to production by a Non-Party) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

3.6.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and does not include any employees of any party to this Action.

3.8    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:  Highly sensitive information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or as specified above in the Good Cause Statement, and which the Producing Party or Designating Party believes in good faith that the disclosure of such information except as set forth in this Stipulated Protective Order would create a substantial risk of serious financial or other injury.  As set forth below, materials containing HIGHLY CONFIDENTIAL Information may be designated as "ATTORNEYS' EYES ONLY."

3.9.    <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10.   <u>Nonparty</u>:  Any natural person, partnership, corporation,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

1    association, or other legal entity not named as a Party to this Action.

2          3.11.  Outside Counsel of Record:  Attorneys who are not employees of

3    a party to this Action but are retained to represent or advise a party to this Action

4    and have appeared in this Action on behalf of that party, and includes their support

5    staff.

6          3.12.  Party:  Any party to this Action, including all of its officers,

7    directors, employees, consultants, retained experts, In-House Counsel, and Outside

8    Counsel of Record (and their support staffs).

9          3.13.  Privileged Information:  Information or a communication

10   protected from disclosure under the attorney-client privilege or work product

11   doctrine or other ground to refuse disclosure.

12         3.14.  Producing Party:  A Party or Nonparty that produces Disclosure

13   or Discovery Material in this Action.

14         3.15.  Professional Vendors:  Persons or entities that provide litigation

15   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

16   demonstrations, and organizing, storing, or retrieving data in any form or medium)

17   and their employees and subcontractors.

18         3.16.  Protected Material:  Any Disclosure or Discovery Material that is

19   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS'

20   EYES ONLY."

21         3.17.  Receiving Party:  A Party or any person or entity that receives

22   Disclosure or Discovery Material from a Producing Party.

23

24   **4.    SCOPE**

25         The protections conferred by this Stipulated Protective Order cover not only

26   Protected Material, but also (1) any information copied or extracted from Protected

27   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 5.   DURATION

Even after final disposition of this litigation (including any appeals or retrial), the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.   DESIGNATING PROTECTED MATERIAL

6.1.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      6.2.   Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

      (a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If the information is produced in native format (e.g., Microsoft Excel, Microsoft Access, Microsoft Word), the Producing Party shall insert "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" on the placeholder pages and in the designation field. If only a portion or portions of the material on a page or document qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins or in another reasonable manner for information produced in native format).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

deemed "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to each page that contains Protected Material (or as set forth above for information produced in native format).  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

Further, a Party need not designate or cause to be designated Disclosure or Discovery Material produced by any Non-Party in this Action until after they are received by the Designating Party.  The Designating Party may, within 15 days after the Disclosure or Discovery Material produced by any Non-Party is received by the Designating Party, affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to each page that contains Protected Material (or as set forth above for information produced in native format). If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  The Designating Party shall also, within the 15-day period, produce to all other Parties those materials to which it/he/she has affixed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY", and those materials (or particular pages) produced with those legends shall be treated as such even if the Non-Party separately produced a copy of the same material without those legends. During this 15-day period all of the material produced by the Non-Party shall be deemed "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY.";

(b)     For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material: (i) on the record, before the close of the deposition, all protected testimony or documents, or (ii) in a letter or other writing sent to counsel for all other Parties within the time permitted for the review and signing of the deposition by the witness, i.e., within 30 days after the deposition transcript is made available to counsel for the party, even if the deponent did not request review of the transcript (the letter or other writing identifying any Protected Material shall do so by page and line number and exhibit number and/or by enclosing with the letter or writing the pages of the transcript(s) and any exhibits that contain Protected Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" affixed to each such page (or as set forth above for information produced in native format);

(c)     For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.   Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689–1750

**7.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 *et seq*., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3.    Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.**    **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 15 below.

---

[1] Judge Audero's Procedures are available at
https://www.cacd.uscourts.gov/honorable-maria-audero.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c) In-House Counsel of the Receiving Party and the support staff of In-House Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) The Court and its personnel, subject to compliance with Local Rule 79-5;

(f) Court reporters and videographers, and their respective staff;

(g) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

Stipulated Protective Order

(h)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(i)    Any percipient witness who otherwise possessed or knew the information and who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(j)    Any other percipient witness (and attorneys for the witness) from whom testimony is taken or will be taken in this Action and to whom disclosure is reasonably necessary, except that disclosure of information or item designated "CONFIDENTIAL" may be made to the witness only during his or her deposition and in preparation for her or her testimony as reasonably necessary after the deposition has been noticed, provided: (i) the deposing party or other person seeking to disclose the information or item requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness and attorney for the witness will not be permitted to keep any confidential information or item unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to the persons described in Section 8.2(a), (d), (e), (f), (g), (h), (i) and (k), above (but excluding mock jurors).

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" that Party must:

(a)     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

12.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Disclosure (including production) of information or any communications that the Producing Party later claims should not have been disclosed because it was Privileged Information, shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production. This Stipulated Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), (e). Federal Rule of Evidence 502(d) provides that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another Party) that it may have produced Privileged Information, the Producing Party shall, within fourteen (14) days after such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other parties must promptly return, sequester or destroy the Privileged Information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if it disclosed the Privileged Information before being notified. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the producing party of the dispute and the basis therefore in writing within fourteen (14) days of receipt of the request for the return

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

or destruction of the Privileged Information.  The Parties thereafter shall by telephone meet and confer in good faith regarding the disputed claim within fourteen (14) days.  In the event that the parties do not resolve their dispute, any party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, any submission to the Court of the disputed information shall be under seal or by in camera review only.  The submission to the Court shall not constitute a waiver of any privilege or protection.  The Receiving Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.  Except as expressly set forth herein, nothing in this Section shall limit the bases on which a Party may challenge the assertion of any privilege or protection by the Producing Party.

## 13.   **MISCELLANEOUS**

### 13.1.  Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

### 13.2.  Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

### 13.3.  Filing Protected Material.

Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use in any hearing before the Court any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" provided that the rules applicable to sealing records, as further

addressed below, are followed.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14.   ADDITIONAL PARTIES

If additional parties join or are joined in this Action (or any new law firms for existing or additional parties appear in this Action), they will not have access to any Protected Material under this Stipulated Protective Order until they have executed and, at the request of any Party, filed with the Court their agreement to be bound by this Stipulated Protective Order.

## 15.   FINAL DISPOSITION

After the final disposition of this Action (including any appeals or retrial), within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

provision, Counsel is entitled to retain an archival copy of all pleadings; motion

papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence;

deposition and trial exhibits; expert reports; attorney work product; and consultant

and expert work product, even if such materials contain Protected Material.  Any

such archival copies that contain or constitute Protected Material remain subject to

this Stipulated Protective Order as set forth in Section 5.

### 16. <u>**VIOLATION**</u>

Any violation of this Stipulated Order may be punished by any and all

appropriate measures including, without limitation, contempt proceedings and/or

monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 11, 2021          PAYNE & FEARS LLP
                                Attorneys at Law

                                By: _____/s/ *Damon Rubin*_____
                                         C. Darryl Cordero
                                         Damon Rubin
                                         Scott O. Luskin
                                         Roza C. Rosner

                                Attorneys for PIH Health Hospital-Whittier
                                and PIH Health Hospital-Downey

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

DATED: August 11, 2021

BEWLEY, LASSLEBEN & MILLER, LLP
Attorneys at Law


By: _____ */s/ Kevin P. Duthoy* _____
　　　　　Kevin P. Duthoy
　　　　　Leighton M. Anderson

Attorneys for PIH Health Hospital-Whittier
and PIH Health Hospital-Downey


DATED: June __, 2021

HINSHAW & CULBERTSON LLP
Attorneys at Law

By: _____
　　　　　Daniel K. Ryan
　　　　　Robert C. Bohner

Attorneys for Cigna HealthCare of
California, Inc., Cigna Health and Life
Insurance Company, and Connecticut
General Life Insurance Company


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated: _08/12/21_____          _____

Maria A. Audero
United States Magistrate Judge

18
Stipulated Protective Order

DATED: June __, 2021

BEWLEY, LASSLEBEN & MILLER, LLP
Attorneys at Law

By: _____

Kevin P. Duthoy
Leighton M. Anderson

Attorneys for PIH Health Hospital-Whittier
and PIH Health Hospital-Downey

DATED: August 2, 2021

HINSHAW & CULBERTSON LLP
Attorneys at Law

By: _Robert C. Bohner_____

Daniel K. Ryan
Robert C. Bohner

Attorneys for Cigna HealthCare of
California, Inc., Cigna Health and Life
Insurance Company, and Connecticut
General Life Insurance Company

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____

_____
Maria A. Audero
United States Magistrate Judge

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Stipulated Protective Order

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____,

whose address is _____, declare under penalty of

perjury that I have received and read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case entitled *PIH Health*

*Hospital-Whittier, et al.* v. *Cigna HealthCare of California, Inc., et al.,* Case No. 2:20-

cv-11595-ODW (MAAx).  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [full name] of

_____ [address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

19

Stipulated Protective Order

4852-2106-3142.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

Stipulated Protective Order