JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| PIH HEALTH HOSPITAL-WHITTIER, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., et al.,<br><br>                    Defendants. | Case № 2:20-cv-11595-ODW (MAAx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A FIRST AMENDED NOTICE OF REMOVAL [20]; GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING COSTS [26]** |

## I.    INTRODUCTION

On November 20, 2020, Plaintiffs PIH Health Hospital-Whittier and PIH Health Hospital-Downey (collectively, "PIH") initiated this action in Superior Court against Defendants Cigna Healthcare of California, Inc., Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company (collectively, "Cigna"). (*See* Notice of Removal ("NOR") Ex. 1 ("Complaint" or "Compl."), ECF No. 1.)  PIH asserts causes of action arising from its furnishing emergency services to Cigna-covered patients for which Cigna has failed to pay.  On December 23, 2020, Cigna timely removed the action to this Court, alleging federal jurisdiction on the basis that PIH's claims are completely preempted by the Employee Income Retirement Security Act ("ERISA").  (*See* NOR.)  On January 19, 2021, Cigna moved

for leave to file a first amended notice of removal "to effect a clarification of and to supplement the basis for allegations of jurisdiction." (Notice Mot. Leave Am. NOR ("Motion to Amend" or "MTA") 1, ECF No. 20.) On January 25, 2021, PIH moved to remand and additionally sought $11,360 in costs. (Mot. Remand ("MTR"), ECF No. 26.) For the reasons discussed below, the Court **DENIES** the Motion to Amend, **GRANTS** the Motion to Remand, and **DENIES** the request for costs.[1]

## II. BACKGROUND

PIH are hospitals that provide healthcare services to the San Gabriel Valley and surrounding areas. (Compl. ¶¶ 1, 8–12.) Because of their unique position as hospitals, federal and state laws require PIH to provide emergency care to those with life-threatening conditions without first obtaining insurance verification or authorization. (*Id.* ¶ 23.) Cigna consists of three interrelated health care service insurers. (*Id.* ¶¶ 2, 13–16.) PIH and Cigna had three previous contracts for health care services to Cigna's insureds. (*Id.* ¶ 19.) On August 1, 2019, those three contracts terminated. (*Id.*) However, PIH continued to provide services to patients Cigna either insured directly or for whom Cigna administered plans.

PIH contends that Cigna breached the earlier written contracts, as well as implied contracts arising afterwards, by not paying for services rendered. Some treatment fell within the period the contracts governed, and Cigna still allegedly owes payment. (*Id.* ¶¶ 20, 22, 26, 28–31, 36.) After August 1, 2019, PIH continued to provide mandatory emergency treatment and Cigna allegedly purposefully failed to fully reimburse for those services. (*Id.* ¶ 29.) PIH alleges that, as a result of the prior relationship, it had a reasonable expectation that Cigna would pay the standard rates for those services. (*Id.* ¶¶ 56, 63.) Based on the above facts, PIH brought ten causes of action against Cigna: (1)–(3) breach of written contract; (4)–(5) breach of implied contract for emergency services; (6)–(7) recovery for services rendered; (8) intentional

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

violation of duty to pay for emergency medical services; and (9)–(10) violations of California Business and Professions Code Section 17200.  (*Id.* ¶¶ 32–95.)

Within thirty days of receipt of service, Cigna removed the action to this Court, claiming federal question jurisdiction existed due to complete preemption under ERISA.  (NOR ¶¶ 11–12.)  Cigna included the Declaration of Karen Brown ("Brown Decl."), whereby Cigna provided "the Patient M.A. claim as a single example of claims asserted by Plaintiffs that arise out of and depend on the terms of an ERISA-governed health plan[]," and included both the policy and claim form for that claim.  (Brown Decl. ¶¶ 2, 5–6, Exs. A & B, ECF No. 1-2.)  Cigna now requests leave to amend its Notice of Removal to completely remove any reference to Patient M.A. and these related documents, substituting instead new allegations and documents for Patients E.H. and J.O.  (Notice MTA ¶¶ 7, 13.)  PIH opposes the request to amend, arguing the amendment skirts strictures of the Federal Rules of Civil Procedure, and also moves to remand based on the original Notice of Removal because Cigna fails to show complete preemption under ERISA.

### III.     LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  A defendant may remove a case from state court to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.   MOTION TO AMEND NOTICE OF REMOVAL

Cigna moves to amend the Notice of Removal to cure allegedly defective allegations of jurisdiction.   (*See generally* MTA.)   PIH contends that Cigna's proposed alterations are untimely substantive changes to the removal allegations and, even if they were timely, they are futile and fail to cure the deficiencies.  (Pls.' Opp'n MTA ("PIH Opp'n") 4–17, ECF No. 31.)   The Court finds that, while Cigna's proposed alterations qualify as timely, the amended Notice of Removal ultimately fails to establish removability.

**A.   TIMELINESS**

After the thirty-day period within which defendants may seek removal, a Notice of Removal "cannot be amended to add a separate basis for removal jurisdiction." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988).  A defendant may amend a Notice of Removal after the thirty-day window only to correct any "defective allegation of jurisdiction." *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citing 28 U.S.C. § 1653).   But amending "to assert totally new grounds for removal or 'to create jurisdiction where none existed'" is not allowed.  *Smiley v. Citibank (S.D.), N.A.*, 863 F.Supp. 1156, 1159 (C.D. Cal. 1993) (quoting *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Grp.*, 823 F.2d 302 (9th Cir. 1987)).  "This rule serves to prevent defendants from removing cases on questionable substantive grounds to comply with the strict thirty day time limit of § 1446(b) and substituting their stronger arguments later." *Isom v. Marg*, No. 2:14-cv-4355-SVW, 2014 WL 3546532, at *3 (C.D. Cal. July 17, 2014).   And "[l]eave to amend is not proper . . . where amendment would be futile."  *Glob. Concierge Holdings v. Charbo*, No. CV-5203-RGK (MANx), 2013 WL 6241589, at *3 (C.D. Cal. Dec. 3, 2013) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

The facts here present an unusual circumstance, as Cigna requests leave to make substantial *factual* changes to the Notice of Removal, substituting the proffered

exemplar with two alternatives, but maintains the original *grounds* for removal. "The majority of courts . . . allow defendants to amend 'defective allegations of jurisdiction' in their notice as long as the initial notice of removal was timely filed and sets forth the same *legal* grounds for removal." *Smiley*, 863 F. Supp. at 1159 (emphasis added) (quoting *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969)). Here, both the original Notice of Removal and the proposed amended version allege the same legal grounds for removal—complete preemption under ERISA.

There is some merit to the argument that the extensive proposed factual changes are improper "allegations of substance." However, where PIH, "in its pleadings, fail[ed] to identify the benefit claims at issue," Cigna cannot be faulted for an inability to "conclusively determine whether the . . . contested claims were subject to an assignment." *See, e.g.*, *N. Shore-Long Island Jewish Health Care Sys., Inc. v. Multiplan, Inc.*, 953 F. Supp. 2d 419, 434 (E.D. N.Y. 2013). Indeed, Cigna explained in the original Notice of Removal that PIH did not supply relevant claim-identifying information until three business days before the removal deadline. "As a result, Cigna . . . provide[d] the Patient M.A. claim as a single example" but was "confident that many other reimbursement claims . . . challenge benefit denials under ERISA-governed plans." (NOR 4 n.1.) Thus, Cigna now seeks to amend to include the factual information it referenced initially, and not to assert "totally new grounds for removal."

As Cigna is not asserting a new *legal* basis for removal, but instead seeks to clarify the *factual* basis, the proposed amendments are timely.

**B. FUTILITY**

Nevertheless, the Court finds amendment would be futile because Cigna fails to establish removal is proper.

Under the well-pleaded complaint rule, courts determine the existence of federal question jurisdiction by looking at the plaintiff's claims rather than the defendant's defenses. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Thus, a

federal defense—such as preemption—typically does not give rise to federal question jurisdiction. *Id.* However, when "a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Id.* (internal quotation marks omitted). Federal question jurisdiction exists in those instances because the plaintiff's claim, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 208. The Supreme Court has adopted a two-part test for determining whether ERISA completely preempts state law claims: "if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (alteration in original) (quoting *Davila*, 542 U.S. at 210).

Cigna fails to persuade the Court that no other independent legal duties are implicated.[2] "Courts have ruled time and time again that cases involving express or implied agreements to pay benefits were independent of the terms of the ERISA plans at issue." *St. Joseph Hosp. of Orange v. Newegg, Inc.*, No. SACV 20-1704 JVS (JDEx), 2020 WL 6149716, at *3 (C.D. Cal. Oct. 20, 2020) (collecting cases). In one factually similar case, *Reiten v. CIGNA Health and Life Insurance Company*, a medical provider plaintiff sued an insurer defendant for quantum meruit, specifically arguing that the insurer owed payments for emergency medical services under implied promises to pay reasonable value. No. CV 20-2330 FMO (AGRx), 2020 WL

---

[2] Although this represents the second prong under *Davila*, the test is conjunctive and failure to establish either prong is conclusive. The Court chooses to address only the second prong in detail, but finds, for the same reasons, that PIH's asserted claims for reimbursement could not be raised under ERISA; they are not synonymous with any ERISA-based claims Cigna's insureds may have assigned to PIH. *See John Muir Health v. Cement Masons Health & Welfare Tr. Fund*, 69 F. Supp. 3d 1010, 1016–18 (N.D. Cal. 2014) ("[T]he enrollee's assignment of its rights to Plaintiff is of no consequence. . . . Plaintiff now seeks payment based upon a different obligation. That obligation is wholly separate from the obligations Defendant owes to its enrollee and does not duplicate any claim available under section 502(a)(1)(B)." (internal quotation marks and citation omitted)).

1862462, at *1 (C.D. Cal. Apr. 14, 2020).   The court explained that "medical providers must render emergency services without regard to a patient's ability to pay . . . and under California Health & Safety Code § 1371.4, an insurer must reimburse providers for emergency services and care provided to its enrollees." *Id.* at *3 (internal quotation marks and citation omitted).   Because of that statutory interplay, "California courts have concluded that an implied contract exists between providers of emergency services like plaintiff and insurers like defendants." *Id.* at *4. As a result, the *Reiten* court could not "conclude there is an absence of an 'independent legal duty' under which plaintiff may sue." *Id.* (citing *Davila*, 542 U.S. at 210).

The situation here is substantially similar to *Reiten* and Cigna fails to justify a different result.   PIH mandatorily provided emergency medical services to patients with Cigna coverage, allegedly creating implied contracts under which PIH now seeks reimbursement.   (*See generally* Compl.)   This is an independent right arising out of California Health & Safety Code section 1371.4.   *Reiten*, 2020 WL 1862462 at *4; *see also Methodist Hosp. of S. Cal. v. Blue Cross of Cal.*, No. CV 09-5612 GAF (JCx), 2011 WL 13186107, at *12 (C.D. Cal. Mar. 8, 2011) ("By its terms, the statute requires health plans to reimburse *providers*, not to reimburse their insureds.   Thus, a provider need not have an assignment of benefits to seek reimbursement under an implied contract theory based on section 1371.4." (emphasis added)).

Cigna attempts to circumvent this legal rule, arguing extensively that PIH's claims are truly derivative claims that rely upon patient assignments.   Accordingly, Cigna contends *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005), controls and that because interpretation of ERISA plans is required, PIH's claims are preempted.[3]   (*See* Cigna Opp'n MTR 14–22.)   However, the claims PIH asserts here

---

[3] Cigna also insists that ERISA preempts California Health and Safety Code section 1371.4 because some of the plans at issue may be self-insured ERISA plans.   (Cigna Opp'n MTR 17–18, ECF No. 29.)   However, Cigna relies on caselaw analyzing ERISA's *conflict* preemption for this conclusion; this case concerns only *complete* preemption under ERISA, making that authority

1  simply do not rely upon the assignments of patients and thus *Cleghorn* is inapplicable.
2  *See Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, No. 5:14-cv-03903-
3  PSG, 2015 WL 138197, at *3 (N.D. Cal. Jan. 9, 2015) ("Here, as in *Marin General*
4  *Hospital*, the plaintiff is not suing as the assignee of an ERISA plan participant or
5  beneficiary under Section 502(a)(1)(B), and is not seeking benefits under an ERISA
6  plan."). Even if a claim arising from an assignment is possible, this Court has
7  previously recognized that "the mere fact that Plaintiff *could* have asserted a claim
8  based on . . . assignments 'does not automatically mean that Plaintiff could not bring
9  some other suit against Defendant based on some other legal obligation.'" *Alta L.A.*
10 *Hosps., Inc. v. Blue Cross of Cal.*, No. 2:17-cv-03611-ODW (MRWx), 2017 WL
11 3671156, at *3 (C.D. Cal. Aug. 24, 2017) (brackets omitted) (quoting *Marin*, 581 F.3d
12 at 948).

13     Because removal itself is improper, leave to amend is futile and Cigna's Motion
14 to Amend the Notice of Removal is **DENIED**.

15              **V.    MOTION TO REMAND**

16     The above analysis dictates that remand is required. That leaves PIH's request
17 for fees. "Absent unusual circumstances, courts may award attorney's fees under
18 § 1447(c) only where the removing party lacked an objectively reasonable basis for
19 seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).
20 Generally, courts "should recognize the desire to deter removals sought for the
21 purpose of prolonging litigation and imposing costs on the opposing party, while not
22 undermining . . . a right to remove as a general matter, when the statutory criteria are
23 satisfied." *Id.* at 140. Additionally, courts may consider a plaintiff's "failure to
24 disclose facts necessary to determine jurisdiction." *Id.* at 141. Here, the Court finds

25

26 inapplicable. *See generally Coast Plaza Drs. Hosp. v. Blue Cross of Cal.*, 173 Cal. App. 4th 1179,
27 1189 (2009) (explaining that the affirmative defense of ordinary preemption under ERISA § 514(a)
   may apply even if the jurisdictional bar of complete preemption under ERISA § 502(a) is not
28 available, and that section 1371.4 may be *ordinarily* preempted where self-funded ERISA plans are
   at issue).

8

that fees are not appropriate.  Cigna possessed an objectively reasonable basis for seeking removal as ERISA complete preemption presents a colorable basis for removal under the facts.  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Based on the foregoing, PIH's Motion to Remand is **GRANTED**, but the included request for fees is **DENIED**.

## VI.  CONCLUSION

For the reasons stated above, Cigna's Motion to Amend is **DENIED**.  (ECF No. 20.)  PIH's Motion to Remand is **GRANTED** and PIH's request for costs is **DENIED**.  (ECF No. 26.)  The action is remanded to the Superior Court of the State of California, County of Los Angeles, 12720 Norwalk Blvd., Norwalk, California 90650.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

August 16, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**